UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM DAVID HEFFLEY,

    Plaintiff,

    v.

MATT TRASTER, et al.,

    Defendants.

Case No. 1:25-CV-00433-CCB-SJF

## OPINION AND ORDER

On August 18, 2025, William David Heffley, proceeding *pro se*, filed a complaint (ECF 1) alleging that the Defendants conspired to deprive him of his First, Sixth, and Fourteenth Amendment rights. (ECF 1 at 2–3). Along with the complaint, Heffley filed a motion for leave to proceed *in forma pauperis* (ECF 2). He is subject to an ongoing state criminal prosecution with a jury trial scheduled for May 7, 2026 in *State of Indiana v. William David Heffley*, Case Number 17D01-2505-F6-000113 before DeKalb Superior Court 1.

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of

life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

When deciding whether to grant *in forma pauperis* status to a plaintiff, the Court must first determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

"Although [pro se] litigants . . . benefit from various procedural protections," including liberal construction of pleadings, they "are not entitled to [exemption] from the rules of procedure . . . ." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Heffley has sued Defendants Matt Traster, Neal Blythe, and Kevin Likes under 42 U.S.C. §§ 1983 and 1985. Heffley claims he reported Defendant Traster, the City of Butler's Chief of Police, for sexual misconduct with minors and that all three Defendants conspired to retaliate against him through a state prosecution. (ECF 1 at 2). He alleges this retaliation violated his rights to free speech, effective counsel, and due

2

process. (*Id.*) He asks the Court for an injunction "prohibiting further retaliation," a declaration that the Defendants' conduct violated his constitutional rights, compensatory damages, punitive damages, and costs and fees under 42 U.S.C. § 1988. (*Id.* at 3).

Heffley alleges that Defendant Blythe initiated the state prosecution against him "for retaliatory purposes" and deprived him of a fair trial through "the withholding of exculpatory evidence, improper communications, and bias." (*Id.* at 2, 3). But prosecutors receive absolute immunity under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process," which includes "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). And claims cannot be stated against immune defendants. Heffley's allegations against Blythe are directly related to Blythe's role as a prosecutor in the ongoing state prosecution. Blythe is therefore entitled to absolute immunity for actions related to the prosecution. Thus, Heffley fails to state a claim against Blythe.

Heffley also alleges that Defendant Traster "directed or knowingly permitted" his officers to harass Heffley and that Defendant Likes "failed to provide effective assistance of counsel" by "act[ing] with divided loyalties" and undermining his defense through improper communications with the prosecution. (ECF 1 at 2). A complaint must include enough facts to make a claim plausible, and Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft*, 556 U.S. at 662 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Heffley's allegations against Likes and Traster are conclusory. He does not allege what either Defendant specifically did, when they did it, or how their actions show an agreement to retaliate against him. Without any factual support, Heffley fails to state a plausible claim against Likes and Traster.

Finally, this Court must refrain from hearing Heffley's case under the *Younger* abstention doctrine because his criminal case is ongoing. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). By requesting an injunction, Heffley asks the Court to interfere with the state prosecution. *Younger* "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." *J.B. v. Woodard,* 997 F.3d 714, 722 (7th Cir. 2021) (citing *Younger v. Harris,* 401 U.S. 37, 43–44 (1971)). This directive to abstain from interfering with pending state court proceedings can only be avoided under truly compelling circumstances. *Younger*, 401 U.S. at 53–54. "[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). Heffley does not allege any facts indicating such extraordinary circumstances apply here.

For these reasons, Heffley's motion for leave to proceed *in forma pauperis* is **DENIED**. (ECF 2). His complaint does not state any claims for which relief may be

granted and seeks monetary relief against an immune defendant. Accordingly, the

Complaint is **DISMISSED WITHOUT PREJUDICE** and the Court **ABSTAINS** from

hearing this case under the *Younger* abstention doctrine. The Clerk is **DIRECTED** to

close this case.

SO ORDERED on March 24, 2026.

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT